**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TIMOTHY P. LYONS,                 ) | |
|                      ) | |
|          Plaintiff,      ) | |
|                      ) | Case No: |
|      v.            ) | |
|                      ) | CIVIL ACTION |
| EQUIFAX INFORMATION SERVICES LLC, ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., ) | JURY TRIAL DEMANDED |
| TRANS UNION LLC, and CAPITAL ONE   ) | |
| FINANCIAL CORP. d/b/a CAPITAL ONE AUTO ) | |
| FINANCE,                ) | |
|                      ) | |
|         Defendants.    ) | |

## COMPLAINT

Plaintiff, TIMOTHY P. LYONS ("Plaintiff") brings this action on behalf of himself against defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and CAPITAL ONE FINANCIAL CORP. d/b/a CAPITAL ONE AUTO FINANCE ("Capital One") (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2.    "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to insure that consumer

reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3.     Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4.     On September 25, 2015, Plaintiff obtained financing from Capital One for the purchase of a 2015 Nissan Altima from Nissan of St. Charles (Account ends in 4625) ("Capital One loan 4625"). Defendants furnished and reported inaccurate and misleading information on Plaintiff's personal Equifax, Experian, and Trans Union credit reports after his objections and disputes about Capital One loan 4625.

5.     On January 5, 2019, Plaintiff paid off the balance on Capital One loan 4625 when he traded in the 2015 Altima to purchase a 2019 Nissan Rogue from the same Nissan dealer and again obtained financing from Capital One (Account ends in 3512) ("Capital One loan 3512"). Defendants are improperly and misleadingly reporting Capital One loan 4625, in that Defendants are reporting that Plaintiff is delinquent on his loan payments and has an outstanding balance that he has not paid. Moreover, Defendants' inaccurate reporting is provided in such a way that it will mislead readers of the report to make adverse credit determinations as to Plaintiff's credit worthiness. Defendants' reporting of Plaintiff's Capital One loan 4625 is not maximally accurate or fair.

6.     Plaintiff put Defendants on notice of their inaccurate and sufficiently misleading reporting and supplied Defendants with documentation showing that Plaintiff is not delinquent on and does not have an outstanding balance on Capital One loan 4625. Even after being put on notice

of their inaccurate and misleading reporting, Defendants have continued to furnish and report inaccurate, and sufficiently misleading information as to Plaintiff's Capital One loan 4625. Defendants have also failed to properly investigate and reinvestigate Plaintiff's disputes and reported inaccurate and sufficiently misleading information in response to Plaintiff's disputes.

## JURISDICTION

7.      Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within Illinois and this judicial district.

## PARTIES

9.      Plaintiff Timothy P. Lyons is a natural person who resides in DuPage County, Illinois.

10.      Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

11.      Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12.      Defendant Experian is an Ohio corporation with its principal place of business located at 505 City Parkway West, Orange, California 92868. Its registered agent is C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

13.     Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

14.     Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent is Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703.

15.     Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

16.     Defendant Capital One has its principal place of business located at 1680 Capital One Drive, McLean, VA 22102. Its registered agent is 100 Shockoe Slip Fl 2, Richmond, VA 23219.

17.     Capital One is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

18.     Equifax, Experian, Trans Union, and Capital One regularly conduct business in Illinois.

## FACTS

### A.     Purchase of a 2015 Nissan Altima from Nissan of St. Charles.

19.     On September 25, 2015, Plaintiff purchased a 2015 Nissan Altima from Nissan of St. Charles. On information and belief, Nissan of St. Charles was[1] an agent of Nissan North America, Inc. ("Nissan corporate").

---

[1]     Upon information and belief, Nissan corporate has since revoked Nissan of St. Charles of its authority to operate as an independently run Nissan dealership

20.    To purchase the 2015 Altima, Plaintiff financed $27,669.43 at an Annual Percentage Rate ("APR") of 6.5% for 72 months from Capital One. Plaintiff's payments were set at $466.36 per month. This is the Capital One loan 4625 referenced above. The first payment due on Capital One loan 4625 was November 8, 2015.

21.    Plaintiff timely made every payment on Capital One loan 4625, from November 2015 to the date he traded in the 2015 Altima in conjunction with the purchase of a 2019 Nissan Rogue.

**B.    Purchase of a 2019 Nissan Rogue from Nissan of St. Charles.**

22.    Plaintiff regularly brought his 2015 Altima to the Nissan of St. Charles for routine maintenance. While there, employees of Nissan of St. Charles encouraged Plaintiff to trade in his 2015 Altima for a newer Nissan.

23.    Finally, on January 5, 2019, Plaintiff relented and purchased a 2019 Nissan Rogue. *See* Exhibit A.

24.    As of January 5, 2019, Plaintiff owed Capital One $13,365 on Capital One loan 4625. *Id*.

25.    Nissan of St. Charles agreed to value the 2015 Nissan Altima at $13,400 as a "used car allowance" toward the purchase of the 2109 Nissan Rogue. *Id*.

26.    Attached is an ST-556 Sales Tax Transaction Return showing that on January 5, 2019 Plaintiff traded in his 2015 Nissan to Nissan of St. Charles and that the "total trade-in credit or value" for the 2015 Nissan was $13,400. Exhibit B.

27.    In order to purchase the 2019 Rogue, Plaintiff obtained financing, again from Capital One ("Capital One loan 3512"). Exhibit C.

28.     Plaintiff's financing documents from Nissan of St. Charles and Capital One show that Plaintiff had a "Gross Trade-In Allowance" of $13,400, "Less Pay Off Made By Seller" of $13,365.00 which gave Plaintiff an "Equals Net Trade In of $35.00." *Id* at p. 2. The $35.00 net trade in was applied as a credit towards Plaintiff's Capital One loan 3512.

29.     Plaintiff ultimately financed $31,280.94 to purchase the 2019 Rogue at an APR of 10.19% for 72 months at a monthly payment of $584.95. *Id*.

30.     To date, Plaintiff has made every payment on Capital One loan 3512 on time.

31.     Before signing the paperwork on January 5, 2019, Plaintiff complained to Nissan of St. Charles about the high 10.19% APR. Plaintiff was told that his credit score would be improved after the Capital One loan 4625 was paid off, and that after about 6-months of on time payments for Capital One loan 3512, Plaintiff could refinance the loan at a lower rate.

32.     On January 5, 2019, Plaintiff turned over his 2015 Altima to Nissan of St. Charles with the express, written, understanding that Nissan of St. Charles would forward $13,365.00 to Capital One to pay off the Capital One loan 4625.

33.     Capital One was aware that Nissan of St. Charles was to pay off the $13,365.00 lien remaining on the 2015 Nissan Altima as Capital One relied upon that transaction to approve Capital One loan 3512, which took into account Plaintiff eliminating Capital One loan 4625 as well as the additional $35.00 "Net Trade In" referenced in paragraph 28, above.

**C.     Past due notice on Capital One loan 4625.**

34.     In late February 2019, Plaintiff received a past due notice from Capital One concerning Capital One loan 4625. Exhibit D. Capital One claimed that Plaintiff had $427.48 in past due payments, with a total of $893.84 due. *Id*.

6

35.     The past due notice surprised Plaintiff and immediately caused anxiety and stress as he knew that the loan was paid off pursuant to the January 5, 2019 transaction. Plaintiff responded to the past due notice by calling Capital One.

36.     The phone call in February 2019 was the beginning of a nightmare scenario for Plaintiff.

37.     The Capital One representative offered no help even though it was well aware that Plaintiff turned over the 2015 Nissan Altima and that Nissan of St. Charles was legally obligated to pay off the remaining lien associated with Capital One loan 4625.

**D.      Nissan of St. Charles informed Plaintiff his trade-in and the trade-in money were stolen by employees of the dealership.**

38.     On the same day Plaintiff called Capital One to complain about the alleged past due amount on Capital One loan 4625, he also called Nissan of St. Charles. At this time, Plaintiff was told that employees of the dealership stole his trade-in money and trade-in vehicle[2]. But Nissan of St. Charles offered no recourse for Plaintiff.

39.     Initially, Plaintiff was able to get through and talk with various Nissan of St. Charles employees, but ultimately the phone stopped being answered. Plaintiff then drove to the dealership to have his 2019 Rogue worked on and learned that the dealership was closing, and inventory was slowly being sent away.

40.     Ultimately, Plaintiff drove to Nissan of St. Charles and saw that all of the vehicles were gone and lights were turned off. Nobody answers the phone at the sales department or service department any longer.

---

[2]      Upon information and belief, the State of Illinois eventually shut down Nissan of St. Charles and the Illinois Secretary of State and Illinois Attorney General are investigating hundreds of similar complaints from other Nissan of St. Charles customers.

**E.      Nissan corporate did not help.**

41.     Plaintiff also called Nissan corporate to have his grievance addressed. Nissan corporate gave Plaintiff a "case number" of 34623188.

42.     Through plenty of back and forth, ultimately on March 30, 2019, Nissan corporate told Plaintiff that he "might consider contacting the Illinois Attorney General…You are on my list of people to follow up with as we identify any avenue to resolve. But you may try calling the AG yourself." Exhibit E.

43.     Nissan corporate also recommended that Plaintiff contact Capital One's fraud department. Id.

44.     Nissan corporate has not helped with Plaintiff's growing concern over his credit.

**F.      St. Charles Police Report and Police Report with the Illinois Secretary of State.**

45.     On March 16, 2019, Plaintiff filed a police report with the St. Charles police department. Plaintiff did not receive a copy of a police report, but he did receive report # 19-6009.

46.     Plaintiff was informed that he was not the only person who reported that Nissan of St. Charles stole trade-in money along with trade-in vehicles.

47.     Plaintiff does not know the current status of the investigation.

48.     Plaintiff had problems while registering his license plates with the 2019 Rogue. Plaintiff explained the theft that took place at Nissan of St. Charles and was then told he needed to go to the Secretary of State Police office to file a report. To do so Plaintiff had to take a full day off work. But on April 28, 2019, he filed the attached report with the Illinois Secretary of State Police report. Exhibit F. To do this, April 28, 2019

### G. Capital One continues to ignore Plaintiff.

49.     Capital One entered into a contract with Plaintiff to finance the 2019 Rogue that was based, materially, on the trade-in value of his 2015 Altima. Both Capital One and Plaintiff entered the deal understanding that Nissan of St. Charles would pay off the $13,365.00 remaining balance for the 2015 Altima. Exhibits A-C. In fact, Plaintiff's financed amount was lowered by $35.00 because the trade-in Plaintiff received was $35 more than what he owed Capital One on the 2015 Altima. Exhibits A & C.

50.     Illinois law mandates that Nissan of St. Charles had to pay off the $13,365.00 lien within 21 calendar days. 815 ILCS 505/2ZZ.

51.     Capital One, Plaintiff, and Nissan of St. Charles agreed that Plaintiff would pay Nissan of St. Charles by way of giving it the 2015 Altima, and then Nissan of St. Charles—as required by law in addition to the express written agreement—would pay Capital One $13,365.00. Id. Plaintiff has fulfilled all contractual obligations entered with Capital One and Nissan.

52.     Capital One knows Plaintiff made timely payments on Capital One loan 4625.

53.     Capital One knows Plaintiff has made timely payments on Capital One loan 3512.

54.     Capital One knows that the 2015 Altima was traded in to Nissan of St. Charles, per contract. Exhibits A-C.

55.     Capital One knows that Illinois law mandates that Nissan of St. Charles pay off the $13,365.00 remaining balance.

56.     Capital One knows Nissan of St. Charles stole the money needed to pay of the Capital One loan 4625 lien.

57.     Yet, since February 2019, Capital One has called Plaintiff at least 50 times to collect a debt that Plaintiff already paid.

58.     Since February 2019, Capital One continues to mail and email debt notices to collect a debt that Plaintiff already paid.

59.     Capital One sent Plaintiff repossession notices, even though Capital One knows the 2015 Altima was traded-in to the Nissan of St. Charles.

60.     Capital One hired a repossession company to go to the house of the parents of Plaintiff's ex-wife to repossess the 2015 Altima, even though Capital One knows the car was traded-in to the Nissan of St. Charles.

61.     Plaintiff understands that the repossession employee, in response to being told about the Nissan of St. Charles theft of his vehicle, stated that he had heard of similar thefts happening.

62.     Per Nissan's advice, Plaintiff also contacted Capital One's fraud department, but on July 1, 2019 Capital One inexplicably notified Plaintiff that his "Fraud Claim is Closed." Exhibit H.

63.     Finally, on July 2, 2019, Capital One offered to settle the $13,378.67 balance for $12,040.80. Exhibit I.

**H.      Plaintiff paid for a GAP Addendum and Vehicle Theft Deterrent coverage with Equi-Pro.**

64.     When Plaintiff purchased his 2015 Altima, he also paid $800.00 for a GAP Addendum with Equi-Pro. Exhibit J. The purpose of the GAP Addendum is to cover Plaintiff in the event his vehicle is considered a total loss while he still owes money on his 2015 Altima that is not covered by insurance.

65.     When Plaintiff purchased his 2015 Altima, he also paid $299.00 to Equi-Pro for a "Vehicle Theft Deterrent System." Exhibit K.

66.     Plaintiff submitted claims with Equi-Pro for both the GAP Addendum and the Vehicle Theft Deterrent System and was told that Equi-Pro would send $260.58 to Capital One for the GAP Addendum, and $71.59 to Capital One for the Vehicle Theft Deterrent. Plaintiff does not know whether Equi-Pro sent that money to Capital One, or how Equi-Pro determined those amounts.

**I.      Plaintiff's credit reports are inaccurate and misleading.**

67.     Immediately upon learning that Nissan of St. Charles stole his trade-in vehicle and Capital One's money, Plaintiff has been concerned about how this debacle would impact his credit.

68.     When contacting Nissan of St. Charles didn't help, contacting Capital One didn't help, contacting Nissan corporate didn't help, contacting the St. Charles Police department didn't help, and Equi-Pro didn't help, Plaintiff grew even more anxious and decided to pull his credit reports so he could learn where his credit stands.

69.     Equifax, Experian, and Trans Union were all reporting that Plaintiff was late on his Capital Loan 4625, was hundreds of dollars past due, and had a balance of more than $13,000. All that information was inaccurate and misleading. Plaintiff experienced—and continues to experience—increasing emotional distress as the result of reviewing the false information on his credit reports.

70.     In response to this inaccurate and sufficiently misleading information, on May 28, 2019, Plaintiff sent dispute letters to Equifax, Experian, and Trans Union. Exhibits L-M. Included with the dispute letters were copies of Plaintiff's report to the Illinois Secretary of State police explaining the employee theft, the 2015 Altima contract, and the 2019 Rogue contract showing the trade-in information.

71.     From the dispute letters and documents sent, Equifax, Experian, and Trans Union should have realized reporting Plaintiff's Capital One loan 4625 as past due, with late payments, and with a balance owed was inaccurate and misleading. To the contrary, the dispute letters and documents show that Plaintiff timely made all of his payments to Capital One, entered into a written contract whereby Plaintiff traded-in his valuable 2015 Nissan Altima and in which Nissan of St. Charles agreed to be legally bound to pay the remaining lien on Capital One loan 4625. Plaintiff did not miss any payments to Capital One, and to the extent that Nissan of St. Charles did not pay off Capital One loan 4625 should not negatively impact Plaintiff's credit worthiness.

72.     None of the information sent by Plaintiff to Equifax, Experian, and Trans Union caused Defendants to properly investigate his dispute. As a result, Plaintiff's emotional distress has continued to increase.

**J.      Equifax's inaccurate and misleading report.**

73.     On June 29, 2019, Equifax responded to Plaintiff's dispute letter. Equifax updated the Status, balance, past due, terms duration, additional information, account history, and historical account information. But all of those updates were inaccurate and misleading.

74.     Equifax's response inaccurately and misleadingly states that Plaintiff's account for Capital One loan 4625 is "over 120 days past due."

75.     Equifax's response inaccurately and misleadingly states that the balance for Capital One loan 4625 is $13,348.

76.     Equifax's response inaccurately and misleadingly states that the Amount past due for Capital One loan 4625 is $1,826.

77.     Equifax's response inaccurately and misleadingly states that the additional information states "Account Previously in Dispute – Now Resolved by Data Furnisher."

**K.** **Experian's inaccurate and misleading report.**

78.     On June 26, 2019, Experian responded to Plaintiff's dispute letter. Experian stated: "The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details." But all of those updates were inaccurate and misleading.

79.     Experian's response inaccurately and misleadingly states that the recent balance for Capital One loan 4625 is reporting as "$13,342 as of Jun 2019."

80.     Experian's response inaccurately and misleadingly states that the status for Capital One loan 4625 is "Open. $1,826 past due as of Jun 2019. By Dec 2025 this account is scheduled to go to a positive status."

81.     Experian's response inaccurately and misleadingly states for Capital One loan 4625 in the Comment section that "Account previously in dispute – investigation complete, reported by data furnisher. This item was updated from our processing of your dispute in Jun 2019."

82.     Experian's response inaccurately and misleadingly states for Capital One loan 4625 that Plaintiff is 120 days past due.

**L.** **Trans Union's inaccurate and misleading report.**

83.     On June 29, 2019, Trans Union responded to Plaintiff's dispute letter. Trans Union stated: "A change was made to the item(s) based on your dispute and other information has also changed." But all of those updates were inaccurate and misleading.

84.     Trans Union's response inaccurately and misleadingly states that Capital One loan 4625 has a balance of $13,348.

85.     Trans Union's response inaccurately and misleadingly states that Capital One loan 465 account has a past due amount of $1,826.00

86.     Trans Union's response inaccurately and misleadingly states that Plaintiff is 120 days past due on Capital One loan 4625.

87.     Trans Union's response inaccurately and misleadingly states that Capital One loan 4625 is a "Maximum Delinquency of 120 days in 06/2019 for $1,826."

88.     Trans Union also appears to inaccurately and misleadingly report that the dispute investigation is complete as reported by the grantor.

**M.     Damages.**

89.     Plaintiff has suffered damages proximately caused by the conduct of Equifax, Experian, Trans Union, and Capital One, including:

     i.     Emotional distress, stress, anxiety, sleepless nights, and loss of focus and production at work;

     ii.     Time and expense of pulling/reviewing his credit reports to verify the reporting of the Capital One loan 4625 account;

     iii.     Believing that the Capital One loan 4625 account may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on his ability to obtain credit for years to come;

     iv.     Adverse information on his credit reports and a negative impact to his credit rating;

     v.     An inability to improve his credit score during the dispute process;

     vi.     A lower credit score; and

     vii.     Having to hire attorneys to combat the improper credit reporting.

90.     Additionally, as a result of the furnishing and reporting of false information regarding the Capital One loan 4625 account on Plaintiff's Equifax, Experian, and Trans Union credit reports—and Defendants' failure to correct the reports after Plaintiff's disputes—Plaintiff has been damaged in that his credit rating is not as high as it should be in the absence of such inaccurate and misleading reporting, and as a result he is not eligible for credit on the terms which he would be in the absence of such maximally accurate reporting.

## Count I – Equifax
## FCRA—Failure to assure accuracy

91.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

92.    Pursuant to 15 U.S.C. § 1681e(b) whenever Equifax prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

93.    Technically accurate reports can qualify as inaccurate for purposes of §1681e(b) if it is sufficiently misleading.

94.    A consumer report can be inaccurate under §1681e(b) if it is misleading to the point that it is likely to have an adverse effect.

95.    Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's Capital One loan 4625, in violation of 15 U.S.C. § 1681e(b).

96.    Equifax's reporting of Plaintiff's Capital One loan 4625 is sufficiently misleading.

97.    Equifax's reporting of Plaintiff's Capital One loan 4625 is sufficiently misleading to the point that it is likely to have an adverse effect.

98.    Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

99.    Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a.    Enter judgment in his favor and against Equifax;
b.    Appropriate statutory penalties for each violation of the FCRA;
c.    Actual damages;
d.    Punitive damages;
e.    Reasonable attorney's fees and the costs of this litigation;
f.    Pre-judgment and post-judgment interest at the legal rate;

g.   Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and

h.   Such other relief as the Court deems equitable, just, and proper.

## Count II – Equifax
### FCRA—Failure to reasonably reinvestigate

100.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

101.   Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Equifax credit report, Equifax must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

102.   Pursuant to 15 U.S.C. § 1681i(a)(4) Equifax must "review and consider all relevant information submitted by the consumer" when Equifax conducts any reinvestigation.

103.   Equifax failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the Capital One loan 4625 account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

104.   Equifax failed to delete inaccurate information upon actual notice of inaccuracies.

105.   Equifax failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file as to Plaintiff's Capital One loan 4625 account.

106.   Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

107.    Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Equifax's conduct, action, and inaction.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a.   Enter judgment in his favor and against Equifax;
b.   Appropriate statutory penalties for each violation of the FCRA;
c.   Actual damages;
d.   Punitive damages;
e.   Reasonable attorney's fees and the costs of this litigation;

f.      Pre-judgment and post-judgment interest at the legal rate;

g.      Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and

h.      Such other relief as the Court deems equitable, just, and proper.

## Count III – Experian
## FCRA—Failure to assure accuracy

108.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

109.    Pursuant to 15 U.S.C. § 1681e(b) whenever Experian prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

110.    Technically accurate reports can qualify as inaccurate for purposes of §1681e(b) if it is sufficiently misleading.

111.    A consumer report can be inaccurate under §1681e(b) if it is misleading to the point that it is likely to have an adverse effect.

112.    Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's Capital One loan 4625, in violation of 15 U.S.C. § 1681e(b).

113.    Experian's reporting of Plaintiff's Capital One loan 4625 is sufficiently misleading.

114.    Experian's reporting of Plaintiff's Capital One loan 4625 is sufficiently misleading to the point that it is likely to have an adverse effect.

115.    Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

116.    Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a.   Enter judgment in his favor and against Experian;
b.   Appropriate statutory penalties for each violation of the FCRA;
c.   Actual damages;
d.   Punitive damages;
e.   Reasonable attorney's fees and the costs of this litigation;
f.   Pre-judgment and post-judgment interest at the legal rate;
g.   Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and
h.   Such other relief as the Court deems equitable, just, and proper.

**Count IV – Experian**
**FCRA—Failure to reasonably reinvestigate**

117.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

118.   Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Experian credit report, Experian must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

119.   Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

120.   Experian failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the Capital One loan 4625 account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

121.   Experian failed to delete inaccurate information upon actual notice of inaccuracies.

122.   Experian failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file as to Plaintiff's Capital One loan 4625 account.

123.   Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

124.   Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Experian's conduct, action, and inaction.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a.   Enter judgment in his favor and against Experian;
b.   Appropriate statutory penalties for each violation of the FCRA;
c.   Actual damages;
d.   Punitive damages;
e.   Reasonable attorney's fees and the costs of this litigation;
f.   Pre-judgment and post-judgment interest at the legal rate;
g.   Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and
h.   Such other relief as the Court deems equitable, just, and proper.

## Count V – Trans Union
## FCRA—Failure to assure accuracy

125.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

126.   Pursuant to 15 U.S.C. § 1681e(b) whenever Trans Union prepares a consumer report it "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

127.   Technically accurate reports can qualify as inaccurate for purposes of §1681e(b) if it is sufficiently misleading.

128.   A consumer report can be inaccurate under §1681e(b) if it is misleading to the point that it is likely to have an adverse effect.

129.   Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files maintained and published concerning Plaintiff's Capital One loan 4625, in violation of 15 U.S.C. § 1681e(b).

130.   Trans Union's reporting of Plaintiff's Capital One loan 4625 is sufficiently misleading.

131.   Trans Union's reporting of Plaintiff's Capital One loan 4625 is sufficiently misleading to the point that it is likely to have an adverse effect.

132.    Trans Union's conduct, action, and inaction was willful, or, in the alternative, negligent.

133.    Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a.    Enter judgment in his favor and against Trans Union;
b.    Appropriate statutory penalties for each violation of the FCRA;
c.    Actual damages;
d.    Punitive damages;
e.    Reasonable attorney's fees and the costs of this litigation;
f.    Pre-judgment and post-judgment interest at the legal rate;
g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and
h.    Such other relief as the Court deems equitable, just, and proper.

**Count VI – Trans Union**
**FCRA—Failure to reasonably reinvestigate**

134.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

135.    Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in his Experian credit report, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

136.    Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

137.    Trans Union failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the Capital One loan 4625 account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

138.    Trans Union failed to delete inaccurate information upon actual notice of inaccuracies.

139.    Trans Union failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file as to Plaintiff's Capital One loan 4625 account.

140.    Trans Union's conduct, action, and inaction was willful, or, in the alternative, negligent.

141.    Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a.    Enter judgment in his favor and against Trans Union;
b.    Appropriate statutory penalties for each violation of the FCRA;
c.    Actual damages;
d.    Punitive damages;
e.    Reasonable attorney's fees and the costs of this litigation;
f.    Pre-judgment and post-judgment interest at the legal rate;
g.    Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and
h.    Such other relief as the Court deems equitable, just, and proper.

### Count VII – Capital One
### FCRA—Failure to investigate

142.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

143.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Capital One receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Capital One] shall conduct an investigation with respect to the disputed information."

144.    Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Capital One receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Capital One] shall review all relevant information provided by the consumer reporting agency…"

145. Capital One failed to fully and properly investigate Plaintiff's disputes relating to Plaintiff's Capital One loan 4625 account.

146. Capital One failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiff's dispute as to his Capital One loan 4625 account.

147. Capital One's conduct, action, and inaction was willful, or, in the alternative, negligent.

148. Plaintiff suffered embarrassment, humiliation, and emotional distress as a result of Capital One's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff TIMOTHY P. LYONS requests that this Honorable Court:

a. Enter judgment in his favor and against Capital One;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's Capital One loan 4625 account; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: July 19, 2019                              Respectfully submitted,

                                                  TIMOTHY P. LYONS, plaintiff,

                                    By:    /s/James M. Smith

                                           Richard J. Doherty (6226707)
                                           James M. Smith (6285183)
                                           Doherty Smith, LLC
                                           105 W. Madison Street
                                           Suite 1500
                                           Chicago, IL 60602
                                           Phone: 866.825.6787
                                           Fax: 312.319.4084
                                           RDoherty@dohertysmith.com
                                           JSmith@dohertysmith.com