IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY P. LYONS, ) | |
| ) | |
| Plaintiff, ) | Case No.  19 C 4869 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., TRANS UNION LLC, and CAPITAL ONE ) | |
| AUTO FINANCE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy P. Lyons has brought a seven count complaint against defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union LLC (jointly as the "CRA defendants") and Capital One Auto Finance ("COAF"), asserting violations of the Fair Credit Reporting Act, 15 U.S.C. Section 1681 ("FRCA").  Counts I through VI are brought against the CRA defendants alleging violations of §1681e(b) for failing to ensure accuracy of information contained in consumer reports, and §1681i(a)(i)(A) for failing to reasonably investigate to determine the accuracy of a consumer report once disputed by the customer.  Count VII is brought against Capital One for violating §16815-2(b)(1)(A), by failing to investigate the accuracy of the information it provided to the CRAs, once it was notified that plaintiff had sent a dispute letter to the CRAs.   The CRA defendants have answered the complaint and moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).[1]   Capital One

---

[1] After the motion was briefed, plaintiff dismissed defendant Equifax.

has moved to dismiss the complaint as to it under Fed. R. Civ. P. 12(b)(6). For the reasons described below, those motions are denied.

## BACKGROUND[2]

In September 2015 plaintiff purchased an Altima from Nissan of St. Charles (the "dealer"). Plaintiff financed the purchase through the dealer. Defendant COAF had an on-going finance company/car dealer business relationship with the dealer. Pursuant to that relationship COAF purchased the loan ("Loan # 1") from the dealer. Plaintiff was notified of the purchase and thereafter timely made payments to COAF.

In January 2019, plaintiff again contracted for financing with the dealer for the purchase of a 2019 Nissan Rogue ("Loan # 2"). As part of the financing contract the dealer accepted the trade-in of the 2015 Altima valued at $13,400, and agreed to pay off the balance on Loan # 1 to COAF. COAF reviewed the paperwork and then purchased Loan # 2. That paperwork indicated that plaintiff had a "Gross Trade-In Allowance of $13,400, "Less Pay Off Made By Seller" of $13,365, which gave plaintiff an "Equals Net Trade In of $35.00, which was applied to Loan # 2. According to the complaint, COAF was aware that the dealer was to pay off the remaining $13,365 due on Loan # 1.

In late February 2019, plaintiff received a past due notice from COAF on Loan # 1, indicating $427.48 in past due payments and a total of $893.84 due. Plaintiff called both COAF and the dealer to complain. The COAF representative was no help even though aware that plaintiff had traded in the Altima and the dealer was to pay off the remaining lien on Loan # 1.

---

[2] The background facts are taken from plaintiff's complaint and are assumed to be true for purposes of resolving the instant motions. Fortres Grand Corp. v. Warner Bros. Entm't Inc., 763 F.3d 696, 700 (7th Cir. 2014).

When he called the dealer plaintiff was told that employees had stolen the trade-in money and vehicle. He eventually learned that the dealership had been shut down. He also got no help from Nissan's corporate department.

Plaintiff then learned that the CRAs were all reporting that he was late on Loan # 1, with hundreds of dollars past due and a balance over $13,000. Upon learning this he sent dispute letters to each of the CRAs, explaining the situation and including his reports to the state police as well as the two loan contracts. The three CRAs each responded, but none disclosed plaintiff's version, and all indicated that the reporting was correct.

## DISCUSSION

The CRAs have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), and COAF has moved to dismiss under Fed. R. Civ. P. 12(b)(6). Both motions are analyzed under the same standards. See BBL, Inc. v. City of Angola, 809 F.3d 317, 325 (7th Cir. 2015) (A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court accepts as true all of the plaintiff's factual allegations, but conclusory allegations merely restating the elements of a cause of action do not receive this presumption. Id. (quoting Twombly, 550 U.S. at 557).

To state a claim against the CRA defendants under §§ 1681e(b) or 1681i(a), plaintiff must allege that his consumer report included inaccurate information. Plotzker v. Equifax Info. Servs., LLC, 2020 WL 1548956, *3 (N.D. Ill. April 1, 2020) (and cases cited therein). To state a claim against COAF as a furnisher of information under § 16815-2(b), plaintiff must allege that: (1) he disputed an inaccuracy by notifying a C.R.A.; (2) the CRA contacted the furnisher to alert it to the dispute; and (3) the furnisher failed to adequately investigate.

The CRA defendants and COAF both argue that plaintiff cannot state a claim because there has never been any inaccuracy in the reports. Specifically, they argue that there is no dispute that COAF has never paid off Loan # 1, and thus the amounts reported by COAF to the CRAs remain due and owing. They argue that they have no duty to report that the dealer stole plaintiff's trade-in money and vehicle or that he has a legal claim against the dealer. See e.g. Chiang v. Verizon New England Inc., 595 F.3d 26, 38 (1st Cir. 2010).

Although this proposition is generally true, numerous appeals courts "have held that a credit entry can be 'incomplete or inaccurate' within the meaning of the FRCA 'because it is patently incorrect or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Plotzker, 2020 WL 1548956 at *3 (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009). See also Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998); Seamans v. Temple Univ., 744 F.3d 853, 865 (3d Cir. 2014); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37, 40 (D.C. Cir. 1984) ("Certainly reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate nor fair to the consumer who is the subject of the reports."). Although the Seventh Circuit has not yet addressed the issue, numerous courts

within the district agree with the other circuits. Plotzker, 2020 WL 1548956 at *3 (and cases cited there).

This is precisely what plaintiff is alleging. Even if the reports are technically accurate, they suggest that plaintiff is either ignoring the debt or cannot repay it and, therefore, is a bad credit risk . In fact, as COAF surely knew and as all defendants now know, plaintiff was unaware that Loan # 1 had not been paid and had no reason to know or to make any payments. Thus, the way the debt is being reported "can be expected to adversely affect credit decisions." Gorman, 584 F.3d at 1163. Consequently, the court concludes that the complaint plausibly suggests that the credit reports contain inaccurate information within the meaning of the FCRA, and both motions to dismiss are denied.

## CONCLUSION

For the reasons described above, COAF's motion to dismiss [Doc. 33] and the CRA defendants' motion for judgment on the pleadings [Doc. 41] are denied. COAF is directed to answer the complaint by May 13, 2020. The parties are directed to file a joint status report on the court's form by May 20, 2020. A status hearing will be set by the court for a date when the coronavirus emergency allows. This order is not affected by the General Orders entered by the court.

**ENTER: April 22, 2020**

Robert W. Gettleman
U.S. District Court Judge